**IT IS ORDERED as set forth below:**



**Date: December 16, 2021**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **CHAPTER 11** |
| | ) | |
| **BRANDY HOUSTON CALDWELL,** | ) | **CASE NO. 21-10784-PMB** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **DIVERSIFIED FABRICATORS, INC.,** | ) | **REMOVED CASE:** |
| | ) | |
| Plaintiff, | ) | **SUPERIOR COURT OF SPALDING** |
| | ) | **COUNTY, STATE OF GEORGIA,** |
| v. | ) | **CASE NO. 20V-763** |
| | ) | |
| **BRANDY H. CALDWELL, THE AT** | ) | |
| **THE OLDE HOUSE TRUST, and** | ) | |
| **BRANDY H. CALDWELL AND** | ) | **ADVERSARY PROCEEDING** |
| **ANTWAN CALDWELL, AS TRUSTEES** | ) | |
| **OF THE AT THE OLDE HOUSE** | ) | **NO. 21-1010-PMB** |
| **TRUST** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S
MOTION TO ABSTAIN AND REMANDING
<u>CASE TO THE SUPERIOR COURT OF SPALDING COUNTY</u>**

The above-captioned matter (the "Adversary Proceeding") comes before the Court on a *Motion to Abstain From Hearing and Remand Above-Styled Case to the Superior Court of Spalding County* (Docket No. 6)(the "Motion") filed by Diversified Fabricators, Inc. (the "Plaintiff") on September 15, 2021.

The Adversary Proceeding arises from case number 20V-763, originally commenced in the Superior Court of Spalding County (the "Superior Court") on August 24, 2020, in which the Plaintiff filed a *Complaint For Relief* (as amended, the "Complaint")[1] against Brandy H. Caldwell (the "Debtor"), The At the Olde House Trust, and Brandy H. Caldwell and Antwan Caldwell, as the Trustees for The At the Olde House Trust (collectively, the "Defendants")(Docket No. 1, Exhibit A, C)(the "State Court Proceeding"). In the Complaint, the Plaintiff asserts that the Defendants conspired to convert money while the Debtor was working in the Plaintiff's accounting department. In connection with the conspiracy and conversion allegations, the Plaintiff contends that the Defendants used the allegedly converted funds to purchase or pay off real property as well as to acquire other assets.[2]

On September 16, 2020, the Debtor and Antwan Caldwell filed an *Answer, Defenses, and Counterclaim for Computer Theft and Computer Invasion of Privacy* in the State Court Proceeding, alleging in the included counterclaim (the "Counterclaim") that the Plaintiff took the Debtor's computer and invaded her privacy by hacking into her personal social media accounts (Docket No. 1, Exhibit D). The pretrial conference for the State Court Proceeding was set for

---

[1] The Plaintiff filed *Plaintiff's 1st Amendment to Complaint for Relief* in the State Court Proceeding on September 3, 2020, which amended the Complaint to correct certain parties' names and to change certain amounts mentioned in the Complaint. Docket No. 1, Exhibit C.

[2] The Plaintiff asserts nine (9) counts in the Complaint: Count I – Unjust Enrichment; Count II – Trover/Writ of Possession; Count III – Conversion of Money; Count IV – Punitive Damages; Count V – Fraud; Count VI – Fraudulent Conveyance; Count VII – Accounting; Count VIII – RICO Violations; and Count IX – Civil Conspiracy.

2

August 26, 2021, at 9:00 a.m. (Docket No. 1, Exhibit J), two (2) days after the first anniversary of the commencement of the State Court Proceeding.

On August 25, 2021, the day before the scheduled pretrial conference, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (Case No. 21-10784-PMB, Docket No. 1), and filed a *Notice of Removal* of the State Court Proceeding in this Court (Docket No. 1). The Plaintiff then filed the present Motion, arguing that the Court must abstain from hearing the removed case under 28 U.S.C. § 1334(c)(2) and that even if the Court is not required to abstain, it should remand the case back to the Superior Court based on equitable grounds pursuant to 28 U.S.C. § 1452(b). The Debtor filed a *Response in Opposition to Diversified Fabricators, Inc.'s Motion to Abstain from Hearing and Remand Above-Styled Case to the Superior Court of Spalding County* on September 29, 2021, arguing that the case is a core proceeding better heard in Bankruptcy Court (Docket No. 9)(the "Response").

Under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), the Court must abstain from hearing a state law claim if all of the following requirements are met:

> (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court.

*In re Manton*, 585 B.R. 630, 640 (Bankr. N.D. Ga. 2018). All of these requirements, with the exception of the third element, are clearly met. The first and last requirements are met because the Plaintiff filed this Motion only twenty (20) days after the Debtor removed the case, and the matter is ready for a pretrial conference in the Superior Court. The case is premised entirely on state law, was filed in state court, and could not have been commenced in federal court outside the bankruptcy filing. Thus, requirements 2, 4 and 5 are satisfied.

3

With regards to requirement 3, the determination of whether this case constitutes a core proceeding is not a simple one.[3] The alleged causes of action are clearly state law claims, which suggests they are at best only "related to" the bankruptcy case.[4] Conversely, the outcome of this litigation is critical to the Debtor's bankruptcy estate, which suggests that these could be a matter "arising in" a case under Title 11. Further, the litigation involves the allowance or disallowance of claims, a counterclaim by the estate, and allegations of fraudulent transfer, all of which the United States Code defines as "core." 28 U.S.C. §157(b)(2)(B), (C) and (H). Resolving these complex issues is, however, unnecessary in this case because of the finding below that this Court should permissively abstain under 28 U.S.C. § 1334(c)(1)[5] and remand the proceeding to state court under 28 U.S.C. § 1452(b).

"Discretionary abstention and equitable remand are 'kindred statutes.' Both favor 'comity and the resolution of state law questions by state courts.'" *In re TitleMax Holdings, LLC*, 447 B.R. 896, 900 (Bankr. S.D. Ga. 2010)(*quoting In re Norrell*, 198 B.R. 987, 997-98 (Bankr. N.D. Ala. 1996)). Therefore, courts contemplating relief under both sections consider similar factors, which include:

> (1) the effect of abstention on the administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related

---

[3] "If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding. [] A proceeding is also considered core if the proceeding is one that would arise only in bankruptcy." *In re Walker*, 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016). A non-core proceeding is "'a proceeding that does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy' but is related to the bankruptcy case." *In re Nilhan Developers, LLC,* 631 B.R. 507, 541 (Bankr. N.D. Ga. 2021), citing *In re Toledo,* 170 F.3d 1340, 1348 (11th Cir. 1999).

[4] In fact, in the *Notice of Removal* the Debtor specifically asserts that "[t]he Removed Case is 'related to' the Bankruptcy Case within the meaning of 28 U.S.C. § 1334." *See* Docket No. 1, p. 2.

[5] The Plaintiff in its Motion only expressly pleads mandatory abstention under section 1334(c)(2) and equitable remand under section 1452(b). However, the Debtor addressed section 1334(c)(1) in the Response and, in any event, under section 1334(c)(1), the Court has discretion to abstain from hearing a case and may exercise such authority *sua sponte*. *In re Gibbs*, 617 B.R. 736, 746 (Bankr. N.D. Ga. 2020). This discretion is exercised here in conjunction with addressing the Plaintiff's request for remand under section 1452(b).

4

Case 21-01010-pmb    Doc 28    Filed 12/16/21    Entered 12/16/21 12:19:39    Desc Main
Document      Page 5 of 8

> proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re TitleMax Holdings, LLC,* 447 B.R. at 901; *Hatcher v. Lloyd's of London,* 204 B.R. 227, 234 (M.D. Ala. 1997). Although no single factor is determinative, courts have discretion in determining the relative weight afforded to each factor. *In re Flyboy Aviation Properties, LLC,* 2013 WL 2317628 at *2 (Bankr. N.D. Ga. 2013).

Factors 2-5 above weigh heavily in favor of abstention here because the Adversary Proceeding involves only state law issues that were before the Superior Court and predominate over bankruptcy issues. In the Complaint, the Plaintiff alleges against the Debtor causes of action for conversion of funds, fraudulent conveyance, and conspiracy,[6] and in the Counterclaim, the Debtor alleges state law claims for computer theft and computer invasion of privacy. These are not causes of action created by the Bankruptcy Code, and they do not arise only in bankruptcy proceedings. Further, matters of theft and fraud can and do exist outside the bankruptcy context and can be resolved in another forum. These causes of action were originally brought in the Superior Court and are better heard by a court more familiar with such types of claims. Further, this Court only has jurisdiction to hear this case under section 1334 because this case is only in this Court due to the Debtor's filing of her bankruptcy petition.

---

[6] In the Motion, the Plaintiff has indicated that in light of certain developments in this case it does not intend to pursue Counts II, V or VII of the Complaint going forward. Motion, ¶ 8.

5

As outlined below, factors 1, 6 and 7 weigh against abstention; however, the remaining factors largely favor having this case proceed in the Superior Court. The resolution of these matters are central to the bankruptcy case. Further, to the extent the Plaintiff is permitted to pursue the fraudulent transfer claim,[7] the outcome of that claim could affect the Debtor's bankruptcy estate and impact the Court's analysis of both the Plaintiff's complaint for nondischargeability and the Debtor's objection to the Plaintiff's proof of claim. However, as to factor 8, the state law claims can be severed from the core bankruptcy matters by allowing a judgment to be entered on the Complaint in the Superior Court, with enforcement of that judgment left to this Court. The Plaintiff's complaint for nondischargeability and the Debtor's objection to the Plaintiff's proof of claim are not currently before the Court in this Adversary Proceeding, and at the point when the Court must ultimately resolve those matters it can rely on the final judgment made in the State Court Proceeding for much, if not all, of that resolution.[8] *See In re Piper,* 548 B.R. 426, 430 (Bankr. W.D. Pa. 2019)(finding that the pendency of a dischargeability complaint does not "tip the scale" in favor of retaining a state court action in bankruptcy court); *see also In re Gibbs*, 617 B.R. 736, 747 (Bankr. N.D. Ga. 2020)("Once a final

---

[7] The Plaintiff may not have standing to bring a fraudulent transfer claim. "[I]t is rather widely accepted that only the trustee (or debtor-in-possession in Chapter 11) has independent standing to pursue chapter 5 avoidance actions and other estate causes of action." *In re Cooper*, 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009); *see Chapman Lumber Co. v. Chapman*, 343 B.R. 217, 221(Bankr. N.D. Iowa 2006)("A creditor has no right to bring an avoidance action independently."). Although an individual creditor could pursue the cause of action derivatively, such standing is only granted after the creditor seeks authority from the bankruptcy court based on a showing that "there is a colorable cause of action and the debtor-in-possession is unable or unwilling to fulfill its obligation." *Id.* at 810. If such standing were granted, the claims would nevertheless be pursued for the benefit of the estate.

[8] The jury determination should be preclusive as to any liability of the Debtor and the amount of same (if any). Although the jury determination made during the State Court Proceeding may also have a preclusive effect on the Plaintiff's complaint for nondischargeability, this Court will make that determination at the appropriate time, and can hold a nonjury trial on any issues that may remain outstanding. In that regard, the parties should consider the potentially preclusive effect of the determination of these matters in the State Court Proceeding on issues that may arise in this Court when proposing their jury instructions and any jury verdict form in the State Court Proceeding.

determination of the rights of the parties is made in state court, the Bankruptcy Court can rely on that final judgment to make decisions as to the proof of claim and the Chapter 13 plan.").

The remaining factors, 9 through 14, also favor abstention. Regarding factor 9, although the Court's docket is not crowded at present, this matter is not likely to proceed here. Both parties would have to consent to this Court conducting a jury trial, which both parties have demanded. *See* BLR 9015-2, 9015-3. The Plaintiff has not consented to this Court making a final determination of issues (Docket No. 26), and would thus not likely consent to it conducting a jury trial. In the absence of such consent, this matter would have to be sent to the United States District Court for the Northern District of Georgia (the "District Court") for trial. BLR 9015-3. The District Court's docket is presently busier than this Court's docket, and delay is likely to result from the transfer and in waiting for a trial slot. All this delay can be avoided by remand. As to factor 10, it is possible that there may have been some "forum shopping" involved here, depending on how that term is defined. The Debtor filed her bankruptcy case on the eve of the pretrial conference in the State Court Proceeding, more than a year after the Complaint was filed and after the parties had completed discovery, and then immediately removed this case to this Court. These facts do suggest a preference by the Debtor for this forum.

Although all the factors merit consideration, factor 11 is an important indicator that this case should proceed in the Superior Court. As noted above, both parties have stated their desire for a jury trial. *See In re Gibbs,* 617 B.R. at 748 ("Plaintiff has demanded a jury trial, which weighs heavily in favor of abstention."). Although this Court has the physical capability to conduct a jury trial, the conduct of one in this Court would be an extremely unusual event– unlike the Superior Court, for which a jury trial is commonplace.[9] Under factor 12, the presence

---

[9] If the trial were instead to occur in the District Court it would be a more typical event for that court, but substantial delay would no doubt occur instead for the reasons discussed *supra*.

7

of non-debtor parties in this proceeding favors abstention, as none of the Defendants, other than the Debtor, are scheduled as parties in the main bankruptcy case. Next, as to factor 13, abstaining from proceeding over the Plaintiff's predominantly state law claims cuts in favor of "[c]omity for the state courts and the general principle that cases arising under state law should be tried in state court . . ." *In re United Container LLC*, 284 B.R. 162, 177 (Bankr. S.D. Fla. 2002). And finally, as to factor 14, abstention will not prejudice any party; if anything, this case can be managed more efficiently in a state court that is more procedurally and substantively familiar which such proceedings.

Based on the foregoing analysis under 28 U.S.C. §§ 1334(c)(1), 1452(b), it is hereby

**ORDERED** that the Motion is **GRANTED**. This Court will abstain from deciding the substantive issues of the removed Complaint and the Counterclaim and will instead remand this case *in toto* to the Superior Court of Spalding County. It is further

**ORDERED** that the Clerk shall send a certified copy of this Order to the Superior Court of Spalding County, Georgia and thereafter the Clerk shall close this Adversary Proceeding.

The Clerk is directed to serve a copy of this Order on counsel for the Plaintiff, counsel for the Debtor, the Defendants, counsel for the Defendants, the SubChapter V Trustee and any other parties served with the Motion.

**[END OF DOCUMENT]**